We're going to move now to our final case of the morning for oral argument. This is Appeal 25-1304 Villalobos v. Piccicco. And Ms. Kunkel, we're going to begin with oral argument from you. Yes, your honors. Good morning, counsel. May it please the court. My name is Kathleen Kunkel. I am one of the attorneys representing the defendants appellants in this case, Calumet City Police Officers Piccicco, Brasowitz, Guerrero, and Urbanik. As we know, the issue in this appeal is whether the defendants should have been afforded qualified immunity for entering plaintiff's home based on exigent circumstances. And the answer to that is they should. Now, before we launch into qualified immunity, I do want to address a point raised by about this court's jurisdiction in case the court has a question about that. There is no question about that. This court does have jurisdiction over this appeal. There are many, many cases out there from this court. I cite Bayon v. Berkebile, not in our brief, but just for purposes of today, 29 Federal 4th, 850, 7th Circuit, 2022, that says that qualified immunity may be appealed as an interlocutory order so long as the case involves an issue of law. If there are disputed issues of fact, then this court would not have jurisdiction. I submit to you there is no dispute of fact, although plaintiff argues that in their If you really look at the record and the facts as we have presented them in our brief, the facts are not disputed. Let me examine that with you, and this is going to go to your opposing counsel as well. The record here, docket entry 168, 175, 178, has a lot of lurking disputes of fact, some of which were acknowledged by the district court, some of which were not. With regard to the timeline, with regard to what happened at the knock on the door. Now, we've got a portion of this case where we know there are issues of fact that are going to go to trial. So we're talking, we're limiting our discussion to the unlawful entry component. Even within that, the nature of the 911 call, the individual throwing the knife, details about how the parties had that officer encounter. We've got the parties submitting factual predicates, and then we've got disagreement about those. But we also have a factual predicate that's been developed by the district court, which doesn't seem to have acknowledged a lot of the factual disputes here. Well, and your honor, that was going to be one of my points, is that as plaintiff referenced in their brief, they had a cross motion for summary judgment on this entry issue, which was granted by the district court. And I'll be asking them about that. So one of my points was going to be, at least the district court found there was no dispute of material fact, right? And what if the district court was wrong on that? And if the district court was wrong on that, and there are disputed issues of fact, doesn't that go to our appellate jurisdiction? It does, but I don't think the district court was wrong in terms of determining there was no issue of material fact. On the unlawful entry component? Correct, on the unlawful entry component, there was a cross motion in their brief that we omit certain facts, we slant the facts in our favor. I believe our brief is very just the facts, ma'am type of brief. The one fact that our officers testified to the plaintiff disputes was that when our officers knocked at the door, they heard a woman's voice from the other side of the door say, no, no, go away, we're okay. Something to that effect. I can't get the door open. She wasn't able to open the door. Plaintiff testified, no, no, no, it was me, it was me at the door, a male's voice, right? Saying, no, we didn't call police, everybody's fine here, we don't need your help, go away. And that's in plaintiff's first amendment complaint that he wrote himself as well, that it was him and another male. We give that to plaintiff. We say even if it was a man's voice who answered the knock and said, no, no, no, we're fine, go away, it's still kind of irrelevant to this issue of exigent circumstances. And there are cases out there that I've seen preparing for today where police knock, somebody inside says, no, no, no, we're fine, go away, nobody called for you, but they are still entitled to qualified immunity based on exigent circumstances, based on the facts that are known to them at the time. Sorry, Your Honor. No, no, that's fine. So stepping back, qualified immunity, once it's invoked, defendant has to prove that there is a constitutional violation, violation of constitutional right, and that that right was clearly established as a matter of law, right? Yes. So here, I take it that for the purposes of this appeal, you are not contesting the district court's conclusion or partial judgment in favor of plaintiffs that there was unlawful entry. We are contesting that, Your Honor. Because if you're contesting that, then we lack jurisdiction. So I assume, right, because if you are contesting the district court's grant of summary judgment, that is not what the interlocutory appeal with regard to qualified immunity is designed for. It is, you have to assume that there is a constitutional violation, a.k.a. that you have to assume for the purpose of appeal, I know that you're disputing it, for the purpose of this appeal, you have to assume the district court's right that there was a violation of plaintiff's constitutional rights. And then you have to argue that it was not clearly established. I don't see any of that argument either in your brief, or frankly, in the plaintiff's briefs. In fact, even looking in the briefs in the underlying before district court, I don't see any of that argument either. And that's why district court didn't even address that second element, which completely puzzles me, until I realized that neither side really raised it. So I'm not quite sure what to do here. And you know, Your Honor, as I was preparing for today's oral argument, you're anticipating where my next argument was going, which is exactly that. I was going to say, and I'm going to say it now, for this qualified immunity analysis, as Your Honor just said, I wanted to take a step back. And I wanted to talk about why the trial as you've just said, is more nuanced. And I would ask this court to engage in that analysis here. It's not just whether the right was clearly established at the time. You have to take it one step further, right? And when the Fourth Amendment is implicated, as is here, whether qualified immunity applies is a fact-specific, fact-dependent inquiry. This is a quote, specificity is especially important in the Fourth Amendment context, where the court, the Supreme Court, has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation. That's the end of the quote. That's Mason Funk versus City of Neenah, 895 Federal 3rd, 504 at 508, this court, 2018, quoting Casella versus Hughes, 138 Supreme Court, 1148, 1152, also from 2018. And I'm getting to my point here. Another quote, police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts of the case at issue. That again is Mason Funk at 508, quoting Casella at 1153. And that burden of showing a case that squarely governs the specific facts of the case is on plaintiff, or as opposed to a spontane in the court. But plaintiff has the burden to show a factually analogous case that shows that the officer's conduct was a knowing violation of the law. And that's where I'm saying it's a little more nuanced than just to say clearly established right. And the case law is out there that a party or a court cannot simply say, well, Fourth Amendment, grand hand wave. Fourth Amendment, of course, precludes warrantless entries. Those are presumptively unreasonable, right? But with the exigent circumstances analysis, Fourth Amendment, it has to be very fact-specific. And time-specific to 2015. Correct, correct. And our cases, the cases that we've cited, have said, look, there is some delay between a report of illegal conduct and what the encounter the officers have. I think that's Huddleston. But regardless, we provided cases that we felt were analogous to support our officers' conduct, right? Nobody, back to Judge Lee's point, nobody, not the court, not plaintiff, even in our research, we have not found a case that squarely puts these officers on notice that when you use your discretion, when you take all the information known to you at the scene, and you use your discretion to decide we're going to go in on exigent circumstances to ensure the safety of the people in this home, that they should not have qualified immunity for that. That they should know that that decision is unconstitutional and a violation of the law. Thank you, Ms. Kunkel. Mr. Smith, we're going to move to you. You can anticipate where we'll be going with our questions. Let me start you off. You argue that there are genuine issues of material fact on the unlawful entry claim, that segment, which would defeat our appellate jurisdiction. District Court granted summary judgment to your client on that same claim. What do we do with that? Well, first of all, I'll just give you a classic example of there would be situations where we wouldn't have even filed a cross motion for summary judgment. For instance, if the case was the same, where the police go to the door, but they claimed that there was a woman there screaming, he's trying to kill me, he's trying to kill me, he's trying to kill me. And our theory of the facts were that never happened. There was no woman screaming, he's trying to kill me, he's trying to kill me, he's trying to kill me, he's got a gun, those type of things. And then we would have a disputed fact. What happened in this case is we had a situation where we clearly know that the basic Fourth Amendment right to not have your home entered into without a warrant was violated. The classic rule. But we also had a situation where the invented facts of the defendant officers did not rise to exigent circumstances. So we could take their facts as it was and not even argue against them for the purpose of saying, this is not exigent circumstance. This is not an exception to the general rule. But can we build, can we build this court, this panel, build a decision on a factual predicate that's incorrect? So even if you were to assume everything they say and say that there is no appellate jurisdiction here, if the district court didn't appropriately take into account things like the nature of the 911 call, the details about the officer's encounter, or these lurking disputed facts about the timeline of the incident and what happened when the officers knocked on the door, there are a lot of facts here, both that the parties disagree with and that the district court didn't reflect in its decision with regard to the evidence that was submitted before that. So for us to make a pronunciation on qualified immunity on such a tangled factual predicate, I don't, do you think we can do that? Well, first of all, I don't agree with that assessment. The court had all the briefs, all the facts in front of them. The court simply took those facts and focused on the fact that there was no active emergency going on. They're trying to use a stale, three-day-old incident as an active emergency just because we have some facts about an incident with a person with a knife in the alley that we don't even know is a crime of any kind. So the court did have those facts. In its ruling, it just explained how this was not exigent circumstance. It wasn't even close to a burning fire. It wasn't even close. Counsel, you have examples of what it's not, right? Yeah. Huddleston, the court found that entry was reasonable. You have a lot of cases where the court said that there were exigent circumstances, that the officers did act reasonably. Right. On these facts that you're saying you accepted as true below, what's your best case that the officers violated a clearly established right? Well, first of all, Hawkins v. Mitchell was a very similar case. It was cited from 2014 in this district, right before our case, which dealt with an issue where there were prior domestic violence calls being made where there was actual domestic violence. And then we had a situation that was new, that was even a little tangentially related to it where they came to a new call, but it was just a verbal argument. So the court said, hey, you're not going in there. There's nothing here that is urgent. There's no sense that somebody's being killed or harmed or maimed here. And that's very similar to ours. But again, we're in a situation where we have the rule, Payton v. New York, the Fourth Amendment. We're up against the entirety of exceptions, and exceptions are not the rule. And Huddleston specifically supports the plaintiff. Absolutely. Because Huddleston was a case where you had somebody call in that day and say, my daughter is being threatened to take her life. And you had information that the person who threatened her life was still in the home with her, with a gun. That is an active emergency. There is nobody who even tries to come into court and say, hey, we had a three-day-old incident. So there's no case law that's going to be specific to Mr. Eli Villalobos's case because nobody's sitting here saying, hey, let's go in because we had a call about this guy three days ago. That is not a situation that is even arguably an active emergency, which is why there's not 100 cases on it. You can't turn an exception into the rule. You can't piece together a few facts that overlap with our case and say, oh, now, what are you going to say about that? You're missing the key component of accident circumstances, that there was an emergency, not some maybe somebody could think some theoretical thing. We had the opposite. We had a guy outside, alone. And we had the people inside who came to the door and said, get away. We got our Fourth Amendment rights. I mean, that's just dead on. And then even by the time they go in, they even talk to everybody. They never even asked about a woman in distress. They talked to the people. They knew who they were. And they still entered. Let me ask you, if we agree with you that there are issues of fact and no appellate jurisdiction, doesn't that mean the district court got it wrong by granting summary judgment to your client on that claim? No, as I've stated. How can both be true? Because not every issue is material to the facts that support the plaintiff's theory. But it's still the unlawful entry claim. It's the same claim, but just as you could have different offenses to a crime, you could have different reasons why somebody isn't there. So they can't sit here and claim that false facts to try and convince you that this should be qualified immunity. But we're entitled to say, hey, we accept your facts as they are. And as I said, there's hundreds of times we never would have asked for summary judgment. We asked for summary judgment because we looked at their excuses and we said, there's no emergency here. And so even if they're different, they're always different versions of fact. They're always different versions of fact. It's whether it's a material fact that they have raised as to what happened that raises to the emergency exception. And they didn't do that. They didn't do that. When they go in and say, well, well, we thought maybe there was somebody at the door who was having trouble getting the door open. That doesn't raise to a kidnapping because a guy was outside. We just saw him walk in the door. We found out that people left through the back door. We talked to the people and they said, yeah, everybody's okay. Oh, that's my girlfriend. All those facts undermine this idea of, well, somebody said the door was unopenable. We don't agree that that happened, but that doesn't mean that we can't say that their story doesn't raise to the level of an emergency. And that's just what the judge found. The judge doesn't have to state every reason ever invented to attack or agree as long as the basis, he applied the law correctly. He looked at Payton versus New York. He looked at McNeely versus Missouri, which gives you the actual examples of exigency. He looked at Hawkins versus Mitchell. He looked at all the facts written. There's nothing in this record that doesn't suggest that that judge didn't read every single fact that was in their brief. I would suggest that he knew it better than all of us. So the fact that you don't have a sentence that deals with an issue is not relevant. And the court definitely does not have jurisdiction to even touch or talk about that in this opinion. Jurisdiction is denial. I would just say this is a very interesting take on qualified immunity because the elements that are required for QI by the district court were never reached. And then you're indicating to us that that is not a determination that we should review. Well, first of all, it was never raised by the appellants. It is not an appealable issue because it does not end this case. They still would have to be tried. The basis for collateral, when you tackle a collateral issue, it must be complete. There's no completeness here. We'd just be going to trial. And third... Because the case is going back for the excessive force trial. Correct. And so there's no jurisdiction. But this case is so obviously a Fourth Amendment case that there was nothing missing to the fact that they violated a constitutional right. It went into a guy's home after saying, don't come in. It's right down the middle. And the fact on the key issue to a case. And that is what talk about. Not obvious issues to a case. You don't spend four hours writing an opinion on the history of qualified immunity or on the history of going into homes without a warrant that went back to 1791 when you know what your issue is, when you know what your problem with their theory is. And the problem with their theory is they didn't have an emergent situation and they even sat around not getting a warrant for 35 minutes. They didn't get a warrant for three days or even attempt to go talk to this guy. Thank you, Mr. Smith. Thank you, Ms. Conkle. The case will be taken under advisement. Thank you. That will complete our oral arguments for the morning.